990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Allen DEFUSCO, Plaintiff-Appellant,
v.
John CRABTREE, Warden, FCI, FPC Sheridan, Oregon, Defendant-Appellee.
 No. 91-35803.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1992.*
Decided March 30, 1993.
 
 Before KILKENNY, TANG and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Allen Hagen DeFusco appeals pro se the district court's dismissal of his Bivens-type action. Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). We affirm.
 
 
 3
 * DeFusco, an inmate at the Federal Correctional Institute in Sheridan, Oregon alleges that his constitutional rights were violated by Warden John Crabtree when he was placed in administrative detention without being given proper notice of the reasons for the detention, and when he was denied access to legal materials and files while in administrative detention.
 
 
 4
 In his complaint in district court, DeFusco requests both monetary damages and "injunctive relief from further actions of the defendant against the plaintiff." In his response to Crabtree's motion to dismiss, DeFusco also requests an injunction ordering Crabtree to cease all retaliatory conduct waged by prison staff under his supervision.
 
 II
 
 5
 Crabtree contends that the action should be dismissed for failure to exhaust administrative remedies as required under 28 CFR § 542.10. However, in McCarthy v. Madigan, --- U.S. ----, 112 S.Ct. 1081 (1992), the Supreme Court held that a federal prisoner need not exhaust administrative procedures prior to the filing of a Bivens action for monetary damages. Id. at 1088. The Court also noted that where injunctive relief was sought, "the grievance procedure would probably be capable of producing the type of corrective action desired." Id. at 1091 n. 5.
 
 
 6
 DeFusco's request for injunctive relief is denied for his failure to exhaust administrative remedies. His claims of a violation of due process and denial of access to library materials will be addressed on the merits.
 
 III
 
 7
 DeFusco alleges that his due process rights were violated because Crabtree did not give him a memorandum explaining the reasons he was placed in administrative detention, in violation of 28 CFR § 541.22(b). However, the same day he was placed in administrative detention, DeFusco received an administrative detention order from the prison Lieutenant stating: "You are being placed in Admin. Det. pending investigation per S.I.S." This detention order gave DeFusco notice of why he was being placed in administrative detention and made any deficiency under § 541.22(b) harmless.
 
 
 8
 In the complaint DeFusco filed in district court, his prayer for relief included injunctive relief and damages for the alleged denial of access to legal materials. DeFusco made no assertion that the allegedly defective notice was the cause of these damages.
 
 IV
 
 9
 DeFusco also claims that when he was placed in administrative detention, he was denied access to legal assistance and legal resources necessary to complete briefs in an appeal that was then pending, and that his legal materials were seized.
 
 
 10
 Prisoners have a right to meaningful access to the courts. This right is not absolute, but must be "adequate, effective and meaningful." Bounds v. Smith, 430 U.S. 817, 824 (1977).
 
 
 11
 Inmates in administrative detention have access to a basic law library and can request any needed additional materials. The record reflects that DeFusco used the basic law library nine times while he was in administrative detention. He also filed a request for additional materials and an administrative complaint that he had been denied access to legal materials. Both of these were responded to by prison staff and it was explained that if DeFusco had an imminent court deadline, special time allowances for library use and preparation of documents could be arranged, but that it was DeFusco's responsibility to provide the Education Department documentation substantiating his claim and need for supplies. DeFusco does not allege and the record does not reflect any notice to the Education Department of his pending appeal.
 
 
 12
 Prison regulations provide that inmates are allowed to use personal legal materials in administrative detention but not in excess of one cubic foot. The Fifth Circuit has held that restrictions on the amount of legal materials permitted in a cell are reasonable in light of security and fire dangers. Cruz v. Hauck, 515 F.2d 322, 333 (5th Cir.1975), cert. denied 424 U.S. 917 (1976). See also, McKinney v. DeBord, 507 F.2d 501, 503-04 (9th Cir.1974) (implicitly upholding restriction on amount of legal materials permitted in a prisoner's cell); id. at 506-07 (Curtis, D.J., concurring and dissenting). Similarly, the prison regulations in this case are not unreasonable, especially given the special provisions for cases where an inmate demonstrates an imminent deadline.
 
 
 13
 DeFusco's right to meaningful access to the courts was not violated by the prison's restrictions on his access to legal materials.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3